IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ARGIE A. PHILLIPS                                                    PLAINTIFF

v.                          Civil No. 13-2203

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                       DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Argie Phillips, brings this action under 42 U.S.C. § 405(g), seeking judicial

review of a decision of the Commissioner of Social Security Administration (Commissioner)

denying his claim for a period of disability and disability insurance benefits ("DIB") under Title

II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In this judicial review, the court must determine whether there is substantial evidence in the

administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.     Procedural Background:

The Plaintiff filed his application for DIB on March 23, 2007, alleging an onset date of

October 7, 2006, due to arthritis, diabetes, high blood pressure, numbness and tingling in the

fingers, and back problems.  Tr.136-143, 161, 169-170, 190, 209, 217.  His claims were denied

both initially and upon reconsideration.  An administrative hearing was then held, resulting in

an unfavorable decision on May 29, 2009.  Tr. 34-89, 92-103, 415-472.  The decision was

affirmed by this Court, but remanded by the United States Court of Appeals for the Eighth

Circuit.  The Eighth Circuit found that the ALJ properly evaluated the opinion evidence and

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1)
of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the
defendant in this suit.

Plaintiff's residual functional capacity, but erred at step four in the sequential process, finding Plaintiff could return to his past relevant work ("PRW"). A supplemental hearing was held on April 10, 2013. Tr. 473-543. Plaintiff was both present and represented at that hearing.

A the time of the second administrative hearing, Plaintiff was a person of advanced age and possessed a general equivalency degree. Tr. 102. He had past relevant work ("PRW") as a router machine operator and lead man. Tr. 103, 162, 179, 180-186, 199-205, 483-490, 514, 647-648.

On May 24, 2013, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's bilateral carpal tunnel syndrome and disorder of the back did not meet or equal any Appendix 1 listing. Tr. 405. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform medium work that does not involve repetitive flexion and extension of both wrists. Tr. 405-409. With the assistance of a vocational expert, the ALJ concluded Plaintiff could perform work as an amusement park worker, camp ground attendant, warehouse worker, and child care attendant for handicapped children. Tr. 409-410.

Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 15, 17.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

II.   **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

A.    **The Evaluation Process:**

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience.  *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

III.   **Discussion:**

After reviewing the evidence, we find that remand in necessary to allow the ALJ to recontact Velvet Medlock, the physical therapist who evaluated Plaintiff's functional capacity and completed a physical RFC assessment.  In April 2013, she examined Plaintiff and completed an functional capacity evaluation indicating that he was capable of performing work at the sedentary level with changes from sitting to standing every 15 minutes and occasional lifting and carrying of up to 10 pounds.  Diminished grip strength, decreased lumbar strength, and antalgic gait were also noted.  Tr. 662-676.  On the assessment, Ms. Medlock was asked to estimate how long the limitations assessed **had** applied.  Tr. 664.  She apparently misunderstood the question, as she answered "Till death."

4

We find this misunderstanding to be significant for two reasons. First, Plaintiff's treating doctor, Dr. Cheong completed an RFC assessment in 2009 concluding that secondary to carpal tunnel syndrome and back pain, Plaintiff could frequently lift up to ten pounds, occasionally lift 11 to 20 pounds, rarely lift over 20 pounds, occasionally push/pull, work in an extended position, work above shoulder level, work overhead, and reach; rarely grasp with the right hand; occasionally grasp with the left hand; rarely finger/fine manipulate with the right hand; occasionally finger/fine manipulate with the left hand; occasionally bend, squat, crawl, stoop, crouch, kneel, balance, twist, and climb stairs; never climb ladders or scaffolds; and, frequently climb ramps. Tr. 390-398. This evidence was previously dismissed by both the ALJ and this Court because Dr. Cheong's medical records did not provide objective support for such a restrictive assessment. However, Ms. Medlock's assessment provides some objective support for portions of Dr. Cheong's assessment, requiring further consideration in the RFC analysis. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).

Second, the medical evidence of record reveals that Plaintiff's physical condition has remained fairly stable since his alleged onset date. With no evidence to indicate a worsening of Plaintiff's symptoms between the relevant time period and the time of Ms. Medlock's assessment, it is highly possible this assessment relates back to the relevant time period. And, as such, the ALJ would need to consider it in combination with Dr. Cheong's opinion, rather than merely dismiss it as having no bearing on Plaintiff's physical abilities during the relevant time period. Accordingly, remand is necessary to allow the ALJ to clarify the dates covered by Ms. Medlock's assessment. *See* 20 C.F.R. § 416.912(e); *Jones v. Astrue*, 619 F.3d 963, (8th Cir.

5

2010) (regulations provide that treating physicians or psychologists will be recontacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability).

We also find that the ALJ incorrectly computed Plaintiff's date last insured.  In order to be entitled to disability under Title II, Plaintiff must prove disability during the period he is insured under the Act.  *See* 42 §§ U.S.C. 416(i), 423(c). To meet the requirement of insured status, an individual is required to have 20 quarters of coverage in a 40-quarter period ending with the first quarter of disability.  See 42 U.S.C. § 416 (i)(3)(B); 20 C.F.R. §404.130.  Thus, a person's date last insured ("DLI") is the last day in the last quarter when disability status is met.

A review of Plaintiff's earnings records reveals that Plaintiff's date last insured is actually June 2011, with a date first insured of October 2001.  Accordingly, on remand, this issue should also be addressed.

**V.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 1st day of October 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

6